# Eric Goldsmith, M.D., LLC

| | |
|---|---|
| The American Board of<br>Psychiatry and Neurology<br>Diplomate in Psychiatry<br>With Added Qualifications<br>In Forensic Psychiatry | 420 Madison Avenue, Suite 801<br>New York, NY 10017<br>Tel: 212-486-2754<br>Fax: 212-486-2758<br>Eric.Goldsmith@gmail.com |

## PSYCHIATRIC REPORT

**PATIENT NAME:**   RICARDO CUESADO
  UNITED STATES v. RICARDO CUESADO, 07 Cr. 799 (DLC)
**DATE OF REPORT:**   August 23, 2008

**PURPOSE OF EVALUATION:** Whitney Z. Bernstein, paralegal with The Federal Defenders of New York, Inc. requested a psychiatric assessment of Mr. Cuesado. Mr. Cuesado pled guilty to a four-count indictment that charged him with sending threatening communications through the mails. Specifically, from 03/24/2005, through 04/15/2005, Mr. Cuesado sent four letters threatening to injure and kill a female victim of the defendant's 2002 push-in robbery, who had testified against him at trial.

**OPINION:** The following opinion is based on my review of the referenced records and a brief interview with Mr. Cuesado, who declined to participate in his attorney requested evaluation. It is my opinion, with a reasonable degree of psychiatric certainty, that Mr. Cuesado's interview behavior is consistent with the diagnoses made by the competency examiners-Psychotic Disorder NOS, Depressive Disorder NOS, Personality Disorder NOS (Antisocial Personality Traits)-Drs. Miller and Liberati, who examined Mr. Cuesado in January and February of 2008. Mr. Cuesado's uncooperative behavior with this examiner at interview appears paranoid in nature, is self destructive, and is consistent with a, "significantly reduced mental capacity."

**SOURCES OF INFORMATION:**
- Interview with Ricardo Cuesado at the Metropolitan Correctional Center on 07/28/2008. The interview was conducted with the assistance of Spanish speaking interpreter, Gladys Matos.
- Review of Sentencing Memorandum, signed by Sabrina P. Shroff, Assistant Federal Defender.
- Review of 02/27/2008 Competency Report, signed by Elissa R. Miller, Psy.D., and Cristina Liberati, Ph.D.
- Review of 05/28/2008 Pre-Sentence Investigation Report.
- Review of 06/26/2008 United States Attorney letter from Michael M. Rosensaft, Assistant United States Attorney, with attached letters written by Mr. Cuesado to the robbery victim.

**CONFIDENTIALITY:** Mr. Cuesado was informed that the purpose of the interview is to provide a psychiatric assessment to his attorneys, the Court, and for the purpose of his attorneys' request for a downward departure or non-guideline sentence due to his mental condition.

**RICARDO CUESADO**
**PAGE 2**

**CLINICAL HISTORY:** Ricardo Cuesado is a 35-year-old Hispanic male who was transferred from state prison to the Metropolitan Correctional Center (MCC) on 01/28/2008. Mr. Cuesado is a non-English, Spanish speaking male who was born and raised in the Dominican Republic. On 08/05/2000, a female victim, the receiver of Mr. Cuesado's letters, and her boyfriend were the victims of a push-in robbery in the Bronx. Reportedly, during that robbery, the victim and her boyfriend were threatened with a gun. She later testified in the trial against Mr. Cuesado; and he was convicted of robbery in the first-degree and sentenced to 10 years' imprisonment.

A review of the competency report, documents that Mr. Cuesado denied having received any inpatient or outpatient psychiatric treatment. He reported to the examiners that he was evaluated by a psychiatrist at the Coxsackie Correctional Facility in New York, but informed the examiners that there would not be significant psychiatric records for him. He reportedly has no history of being placed on psychotropic medication. He reported to the examiners feeling depressed sometime around 2004 or 2005.

The examiners requested psychiatric records from the New York State Prison System. Their report indicates that no psychiatric chart existed for Mr. Cuesado. He reportedly received two psychological screenings at two different facilities in March of 2006. It came to the attention of the competency examiners that Mr. Cuesado had written a rambling 40-page and at times incoherent letter to the FBI while in state custody. In the letter, Mr. Cuesado urged that, to combat terrorism, the Government needed to develop a system of time-traveling robots. He advocated himself as the person most apt to train these robots, touting his "triple-agent" ability to channel both "negative" and "positive" energy in order to create a "circle of energy" and warning that disastrous consequences would ensue if the robots were not handled correctly. Mr. Cuesado also wrote in his letter that enemy forces were helping to elect Barack Obama President of United States, so that they could later assassinate him and incite domestic controversy.

The competency report documents that while at the MCC-NY, Mr. Cuesado was not a management problem and he was reported to be cooperative. Mr. Cuesado was administered the MMPI-II, a 567 true false psychometric measure helpful in assessing validity and diagnostic issues. Reportedly, results of the MMPI-II demonstrated that Mr. Cuesado's test scores were consistent with his overall presentation. He presented with symptoms of depression as a result of his current legal circumstances. He described himself as being interpersonally withdrawn while incarcerated. He expressed having difficulties believing his attorney was out to help him and he felt misunderstood by both, his attorney and the legal system.

**RICARDO CUESADO**
**PAGE 3**

On mental status examination, Mr. Cuesado was assessed to be initially guarded but as the interview progressed, he became more cooperative with the competency examiners. They wrote in their report, "*his thinking appears organized and did not appear to be tangential or circumstantial. There was no apparent loosening of associations. No delusions were elicited during the interview, but while at MCC-New York, he told his unit officer he had information for the Head of the United States about something that is going to happen. Moreover, he wrote a 40-page letter with unusual thought content, with grandiose and some paranoid themes. Auditory, visual, tactile, and olfactory hallucinations were denied, and none were suspected.*"

**MENTAL STATUS EXAMINATION ON 07/28/2008**: Mr. Cuesado was dressed in appropriate prison fatigues. He initially appeared calm and pleasant, and made good eye contact with the examiner and the Spanish-speaking interpreter. He was informed as to the purpose of this evaluation. Mr. Cuesado became visibly irritated. He informed this examiner, "I already told my attorney, I didn't want any further evaluation." Mr. Cuesado refused to further cooperate despite numerous attempts by this examiner to engage Mr. Cuesado; he stood up and left the examination room. He informed the examiner, "I already told you I finished talking." He added, "You see you keep talking to me and I told you I was finished." Mr. Cuesado appeared agitated and unapproachable.

**CONCLUSION:** Mr. Cuesado demonstrated irritability and behavior reflective of paranoia. His presentation with this examiner on interview was consistent with the diagnoses of Psychotic Disorder NOS, Depressive Disorder NOS, and Personality Disorder NOS made by the competency examiners. A review of the reports from probation, the US Attorney, and the defendant's attorney are consistent in that all agree Mr. Cuesado has a psychotic disorder and exhibits symptoms consistent with multiple psychiatric diagnoses including psychotic disorder, depressive disorder, and antisocial personality traits.

Significantly, Mr. Cuesado did not cooperate with an interview arranged by his attorney for the purposes of evaluating whether he had a psychiatric condition, which warranted downward departure or sentencing under non-guidelines. Essentially, Mr. Cuesado's presumptive paranoid behavior on interview with this examiner was highly self-defeating and reflective of his paranoid pathology.

**RICARDO CUESADO**
**PAGE 4**

The fact that Mr. Cuesado did not cooperate with a psychiatric evaluation arranged by his attorney to assist him in gaining a reduced sentence strongly raises the question as to whether Mr. Cuesado has a significant impaired ability to understand the wrongfulness of the behavior comprising the offense and exercise the power of reason. On the surface, his behavior with this examiner appears irrational. His presentation on interview is consistent with a, "significantly reduced mental capacity."

Respectfully submitted,

Eric Goldsmith, M.D.

EG/pm